UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SABREEN MUSLEH, | ) |
| Plaintiff, | ) Case No. 22-cv-3742 |
| v. | ) Judge Sharon Johnson Coleman |
| AMAZON.COM SERVICES, LLC, | ) |
| Defendant. | ) |

**MEMORANDUM ORDER AND OPINION**

Plaintiff, Sabreen Musleh, filed a first amended complaint under Title VII against defendant Amazon.com Services LLC ("Amazon"). Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). Plaintiff subsequently sought leave to file a second amended complaint; defendants opposed this motion on the grounds that amendment is futile because the proposed second amended complaint did not address the deficiencies in the first amended complaint. Before the Court today are both plaintiff's motion for leave to file a second amended complaint [35] and defendant's motion to dismiss plaintiff's first amended complaint [18]. For the reasons stated below, plaintiff's motion for leave is denied and defendant's motion to dismiss is granted.

**Background**

A brief procedural history is necessary to understand today's opinion. On July 19, 2022, plaintiffs Mohammed Aljamahneh and Sabreen Musleh, who are married, filed a two-count complaint each alleging that defendant Amazon had discriminated against them on the basis of their religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e *et seq*. Two months later, plaintiffs filed a first amended complaint. On October 27, 2022, Defendant filed a motion to dismiss the first amended complaint. However, on November 8, 2022 parties agreed to stay briefing on the pending motion to dismiss to pursue settlement negotiations. Aljamahneh

1

reached an agreement with Amazon and voluntarily dismissed his claim. Plaintiff Musleh then filed a motion for leave to file a second amended complaint. In lieu of continuing briefing on the still-pending motion to dismiss, the Court then instructed the parties to brief Musleh's motion for leave to file a second amended complaint.

Plaintiff's first amended complaint contains a barebones allegation that she Amazon "denied [her] an accommodation based on her religion as a Muslim," made complaints about her, and created a hostile work environment. (Dkt. 8 ¶¶ 7-9.) Her proposed second amended complaint contains somewhat more detail, alleging that she requested three days off for Muslim holidays and a private room in which to pray during Ramadan. (Dkt. 35, ex. 1 at ¶ 7.) Amazon denied both requests, and an employee told her to "clock out and go and pray in her vehicle." (*Id.*) Musleh also alleges that someone working in Amazon Human Resources threatened to terminate her after she stated "that it was unfair Christians get Christmas holidays off without using their own PTO." (*Id.* at ¶ 8).

**Legal Standard**

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be "freely given when justice so requires." That freedom has limits, though, and courts may properly deny motions to amend "when the amendments would be futile." *Sanchez v. United States*, 798 F. App'x 936, 937 (7th Cir. 2020). In assessing the futility of amending, the Court must look to the applicable standard of review for dismissal of a complaint.

In ruling on a Rule 12(b)(6) motion to dismiss, the Court accepts all of the plaintiff's allegations as true and views them in the light most favorable to the plaintiff. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). To survive a motion to dismiss, a complaint must contain allegations that "state a claim to relief that is plausible on its face." *Id.* at 632 (internal quotations omitted). The plaintiff does not need to plead particularized facts, but the allegations in

2

the complaint must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Threadbare recitals of the elements of a cause of action and allegations that are merely legal conclusions are not sufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

Plaintiff's complaint and briefing both leave something to desire. Her complaint is not specific about which of the several theories of liability under Title VII it is claiming apply to Amazon's behavior. Her brief supporting her motion for leave to amend contains essentially no relevant legal analysis of the facts at hand. Nonetheless, the Court will briefly explain why even plaintiff's proposed second amended complaint does not state a claim under Title VII. The Court assesses whether plaintiff states disparate treatment, failure to accommodate, and hostile work environment claims.

To state a claim for disparate treatment under Title VII, a plaintiff must "aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her [membership in a protected class]." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). To state a *prima facie* case for a failure to accommodate claim, a plaintiff must show that "(1) a bona fide religious practice conflicts with an employment requirement, (2) he or she brought the practice to the employer's attention, and (3) the religious practice was the basis for the adverse employment decision." *EEOC v. United Parcel Serv.*, 94 F.3d 314, 317 (7th Cir. 1996); *Adeyeye v. Heartland Sweeteners, LLC*, 721 F.3d 444, 449 (7th Cir. 2013) (plaintiff must show a religious practice that conflicts with an employment requirement, that they called the practice to the employer's attention, and that "the religious observance or practice was the basis for [the employee's] discharge or other discriminatory treatment."). Importantly an adverse employment action is a necessary element for the prima facie

3

cases for both theories of Title VII liability. Because plaintiff does not show that Amazon took an adverse employment action against her, she fails to state a prima facie case for each kind of claim.

"[A]n adverse action must materially alter the terms or conditions of employment to be actionable under the antidiscrimination provision of Title VII." *Porter v. City of Chicago*, 700 F.3d 944, 954 (7th Cir. 2012). Adverse actions must constitute "more than a mere inconvenience or an alteration of job responsibilities" and can be "indicated by a termination of employment, a demotion evidenced by a decrease in wage, or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *de la Rama v. Illinois Dep't of Hum. Servs.*, 541 F.3d 681, 685-86 (7th Cir. 2008) (internal citation omitted). Plaintiff does not allege any facts that suggest Amazon took any adverse action against her. Neither having her request for an accommodation denied nor facing a vague and unspecific threat of termination constitutes adverse action within the meaning of Title VII. *Aguilar v. St. Anthony Hosp.*, 207 F. Supp. 2d 747, 756 (N.D. Ill. 2001) (Holderman, J.) (citing *Williams v. Bristol–Myers Squibb Co.*, 85 F.3d 270, 274 (7th Cir. 1996)) (threat of termination is not an adverse employment action). Plaintiff has thus failed to state a claim for disparate treatment or failure to accommodate.

Plaintiff also fails to state a hostile work environment claim. To state a hostile work environment claim under Title VII, a plaintiff must show: "(1) she was subject to unwelcome harassment; (2) the harassment was based on her [] religion (or another reason forbidden by Title VII); (3) the harassment was severe or pervasive so as to alter the conditions of employment and create a hostile or abusive working environment; and (4) there is basis for employer liability." *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 835 (7th Cir. 2015). To be severe and pervasive, harassment must be "both subjectively and objectively offensive." *Smith v. Ne. Ill. Univ.*,

4

388 F.3d 559, 566 (7th Cir. 2004). Courts consider the "totality of the circumstances" in this analysis, including

> (1) the frequency of the discriminatory conduct; (2) how offensive a reasonable person would deem it to be; (3) whether it is physically threatening or humiliating conduct as opposed to verbal abuse; (4) whether it unreasonably interferes with an employee's work performance; and (5) whether it is directed at the victim.

*Scaife v. United States Dep't of Veterans Affs.*, 49 F.4th 1109, 1116 (7th Cir. 2022) (citing *Lambert v. Peri Formworks Sys., Inc.*, 723 F.3d 863, 868 (7th Cir. 2013)). "This standard is not an easy one to meet." *Jackson v. Vill. of Univ. Park, Ill.*, No. 17 CV 2313, 2017 WL 3269388, at *4 (N.D. Ill. Aug. 1, 2017) (Schenkier, J.). Here, the sole incident purporting to establish the severe and pervasive harassment of plaintiff is that she was told one time by Amazon Human Resources to "clock out and go pray in her car." Regardless of the effect of this statement on plaintiff, a single verbal incident of this nature simply cannot meet the high bar required to show severe and pervasive harassment. Plaintiff's hostile work environment claim must thus fail as well.

**Conclusion**

Because plaintiff's proposed second amended complaint cannot state a claim under Title VII, plaintiff's motion for leave to file a second amended complaint [35] is denied, and defendant's motion to dismiss plaintiff's first amended complaint [18] is granted without prejudice. Plaintiff is granted 14 days leave to file a new amended complaint if she believes she can establish facts stating a claim in accordance with this opinion.

IT IS SO ORDERED.

Date: 9/20/2023

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge